**Jose MORALES, Petitioner–Appellant,**

v.

**Leonardo PORTUONDO, Superintendent of the Shawangunk Correctional Facility, Respondent–Appellee.**

No. 99–2523.

United States Court of Appeals,
Second Circuit.

March 27, 2001.

Randa D. Maher, Great Neck, NY, for appellant.

Lynetta St. Clair, Assistant District Attorney, Bronx County, NY, (Robert T. Johnson, District Attorney, Bronx County, Joseph N. Ferdenzi, Assistant District Attorney, Allen H. Saperstein, Assistant District Attorney, Cheryl D. Harris, Assistant District Attorney, on the brief), for appellee.

Present JACOBS, STRAUB, POOLER, Circuit Judges.

Jose Morales appeals from a judgment entered by the United States District Court for the Southern District of New York (Chin, *J.*), denying his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Upon due consideration, it is ordered that the matter is remanded to the district court for supplementation of the record pursuant to the procedures described in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994). Within 120 days of this order, the district court must make any findings of fact and conclusions of law necessary to enter judgment on the following claim: did the state trial court violate Morales' due process rights under *Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) and *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) by ruling that the post-trial statements of witness Jesus Fornes were inadmissible hearsay and insufficient to justify a new trial?

The mandate shall issue forthwith and shall state that the parties are to inform the Clerk of this Court when the district court has issued its supplementation of the record in accordance with this order. Following such notification, jurisdiction of the appeal will be automatically restored to this Court, and the Clerk will reassign the appeal to this panel, without the need for either party to file a new notice of appeal. After jurisdiction is restored, the Clerk shall set an expedited briefing schedule, and the parties may, if they wish, submit supplemental letter briefs not to exceed ten single-spaced pages confined to the issues addressed by the district court on remand.